UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JEFFREY T. DAWKINS, | )<br>) |
| *Plaintiff*, | )<br>) |
| vs. | ) Case No. 1:17-cv-1369<br>) |
| OTIS ELEVATOR COMPANY, AMERISTAR CASINO EAST CHICAGO LLC, AMERISTAR EAST CHICAGO HOLDINGS, LLC, AMERISTAR HOTEL CASINO EAST CHICAGO, PINNACLE ENTERTAINMENT, INC., | ) Magistrate Judge M. David Weisman<br>)<br>)<br>)<br>)<br>)<br>) |
| *Defendants*. | ) |

## MEMORANDUM OPINION AND ORDER

Defendants Ameristar Casino East Chicago, LLC, Ameristar East Chicago Holdings, LLC, Ameristar Hotel Casino East Chicago, and Pinnacle Entertainment, Inc. (collectively, "Ameristar") and Otis Elevator Company ("Otis", and together with Ameristar, the "Defendants") move for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure.[1] (Dkt. 59, 64.) For the reasons set forth herein, the Court grants the Defendants' respective motions for summary judgment.

## MOTION TO STRIKE

Ameristar filed a motion to strike the following from Plaintiff's combined response brief: (1) Exhibits A, B, C, D, F, G, H, I, K, L, M, N, and Q in their entirety; (2) statements of fact within the response brief that draw on these exhibits; and (3) statements of fact within the response that do not draw on the exhibits but contain no citation to evidentiary support. (Dkt. 76.) A court "may

---

[1] The Court notes that Defendants have satisfied their obligations under Local Rule 56.2 regarding notice to pro se litigants about summary judgment and the consequences of failing to comply with Local Rule 56.1.

consider only admissible evidence in assessing a motion for summary judgment." *Gunville v. Walker*, 583 F.3d 979, 985 (7th Cir. 2009). The Court has reviewed the exhibits at issue and agrees that they are inadmissible for a variety of reasons, including lack of relevancy, lack of authentication, and hearsay. *See* Fed. R. Evid. 401 (defining relevant evidence); Fed. R. Evid. 901 (requiring evidence to be authenticated); and Fed. R. Evid. 802 (hearsay inadmissible absent an applicable exception). Accordingly, the Court did not rely on the exhibits or statements drawn from those exhibits in deciding the motions for summary judgment.

The Court also did not consider Plaintiff's unsupported factual assertions for two reasons. First, pursuant to Rule 56(c)(1)(A) – which even pro se plaintiffs must adhere to – "[a] party asserting that a fact cannot be or is genuinely disputed must support that assertion by . . . citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declaration, stipulations . . . admissions, interrogatory answers, or other materials." Plaintiff failed to include appropriate citations to the record throughout his response brief.[2] Second, Plaintiff violated Local Rule 56.1 by not including a separate statement of additional facts. *See* Local Rule 56.1(b)(3)(C) (A non-moving party shall file a "concise response to the movant's statement that shall contain . . . a statement, consisting of short numbered paragraphs, of any additional facts that require the denial of summary judgment."); *see also Cichon v. Exelon Generation Co., LLC*, 401 F.3d 803, 809–10 (7th Cir. 2005) ("A district court does not abuse its discretion when, in imposing a penalty for a litigant's non-compliance with Local Rule 56.1, the court chooses to ignore and not consider the additional facts that a litigant has proposed.")

---

[2] As just a few of many examples, Plaintiff suggests that the elevator doors were in a dangerous "nudging mode" (Dkt. 72 at p. 5); argues that the doors closed on Plaintiff "with a force of 30 pounds" (*id.* at p. 11); contends that he was "not allowed the minimum 3 seconds door delay before he entered the elevator" (*id.* at. p. 9); and concludes that the "door closing forces and kinetic energy was not limited to prevent high-energy impacts to Plaintiff" (*id.* at p. 10) – all without a single citation to admissible evidentiary support.

As the Court did not consider the exhibits or statements that are the subject of Ameristar's motion to strike, the Court denies the motion as moot.[3]

**RELEVANT FACTS**

Despite Plaintiff receiving notice from Defendants regarding his obligations in responding to a motion for summary judgment, Plaintiff failed to satisfy Local Rule 56.1(b)(3) which requires concise responses in corresponding numbered paragraphs to any of the facts set forth in Defendants' respective statements of fact. The Seventh Circuit has made clear that a district court "is entitled to expect strict compliance with Rule 56.1."[4] *Ammons v. Aramark Unif. Servs., Inc.*, 368 F.3d 809, 817 (7th Cir. 2004). Plaintiff's pro se status does not excuse his compliance with Local Rule 56.1. *See, e.g.*, *Cady v. Sheahan*, 467 F.3d 1057, 1061 (7th Cir. 2006) (noting that "even pro se litigants must follow the rules of civil procedure"); *Jackson v. Carpenters Local Union #1*, No. 02 C 9091, 2004 WL 2191584, at *3 (N.D. Ill. Sept. 24, 2004) ("Although pro se litigants are granted more leniency than a party who is represented by council, the pro se litigant is still required to follow the rules of procedure.") Accordingly, the Court will consider Defendants' asserted facts undisputed for purposes of the instant motions for summary judgment. *See* Rule 56(e)(2) ("If a party fails to . . . properly address another party's assertion of fact as required by Rule 56(c)," the Court may "consider the fact undisputed for purposes of the motion.")

Plaintiff alleges that he sustained injuries after elevator doors closed on his body on the 13th floor of the Ameristar Hotel Casino East Chicago on January 16, 2015. (Otis Statement of Facts ("Otis SOF") at ¶¶ 17–18.) Plaintiff had stayed at Ameristar prior to the date of the incident and never encountered any problems with the elevators. (*Id.* at ¶ 31; Ameristar Statement of Facts

---

[3] In its reply brief, Defendant Otis also moved to strike Exhibits A, B, C, D, F, I, K, and N of Plaintiff's response brief. (Dkt. 73 at p.7 n.1.) The Court denies Otis' motion as moot for the same reasons set forth above.
[4] As the examples in footnote no. 2, *supra*, reflect, Plaintiff failed to generally comply with Rule 56.1. Thus, even if this Court were to apply a more forgiving standard of consideration, Plaintiff's efforts would still not suffice.

3

("Ameristar SOF") at ¶ 19.) Immediately prior to the incident, Francine Jeffries stood between the elevator doors for fourteen seconds to keep them open. (Otis SOF at ¶¶ 41–42.) Ms. Jeffries then entered the elevator and pressed the call button, at which time the elevator doors began to close. (*Id.* at ¶¶ 44–45.) As the elevator doors were closing, Plaintiff, a heavy-set man, stepped across the threshold into the elevator and his shoulders contacted its doors. (Otis SOF at ¶ 49; Ameristar SOF at ¶ 27.) Plaintiff admits that the elevator doors began closing before he entered the elevator. (Dkt. 61, Ex. 3 at p. 109:8–11.) After contacting Plaintiff, the doors immediately began to open back up. (Otis SOF at ¶¶ 50–51.) Plaintiff then entered the elevator and rode for about thirty second before exiting, showing no signs of physical destress. (*Id.* at ¶¶ 55–56.)

Video footage depicts ten individuals who used the elevator without any issues in the half-hour prior to the incident, including one individual on a motorized scooter. (*Id.* at ¶¶ 35, 37.) In the half-hour following the incident, seventeen individuals used the elevator without a problem. (*Id.* at ¶ 59.) In January of 2015, Otis served as the elevator maintenance company at Ameristar and provided routine maintenance during the six months leading up to the incident which did not reveal any issues with the elevator. (*Id.* at ¶¶ 21–24.) On December 15, 2014, one month prior to the incident alleged in this lawsuit, Otis conducted a maintenance visit which again showed that the elevator was operating in a normal condition and in full compliance with all applicable codes and industry standards. (*Id.* at ¶ 24.) Defendants did not learn of any operational or other issues pertaining to the elevator between the last maintenance visit and the incident. (*Id.* at ¶ 25.) After the incident, Ameristar employees conducted an inspection that revealed no problems with the elevator and Ameristar did not contact Otis regarding Plaintiff's experience. (Otis SOF at ¶¶ 64–65; Ameristar SOF at ¶ 33.) On January 27, 2015, Otis performed another routine maintenance visit that again confirmed the elevator was operating without issue. (Otis SOF at ¶ 27.)

## PROCEDURAL HISTORY

Plaintiff filed his complaint sounding in negligence and premises liability in the Circuit Court of Cook County on January 12, 2017, alleging that his contact with the elevator doors aggravated several pre-existing, degenerative musculoskeletal conditions and left him permanently disabled. (Dkt. 1 at Ex. 1.) The matter was subsequently removed by Defendants on February 22, 2017. (Dkt. 1.) The parties consented to proceed before this Court on November 22, 2017. (Dkt. 40.)

## LEGAL STANDARD

Pursuant to Rule 56(a) of the Federal Rules of Civil Procedure, the Court shall grant summary judgment if "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." A genuine dispute as to a material fact exists when, based upon the evidence, a reasonable jury could find for the non-moving party. To show a genuine dispute as to a material fact, the non-moving party must offer "particular materials in the record," and cannot rely upon the pleadings or speculation. *Olendzki v. Rossi*, 765 F.3d 742, 746 (7th Cir. 2014). Courts must view all evidence in the light most favorable to the non-moving party and refrain from making credibility determinations or weighing evidence. *Rasho v. Elyea*, 856 F.3d 469, 477 (7th Cir. 2017). Summary judgment is appropriate only when the record as a whole establishes that no reasonable jury could find for the non-moving party. *Payne v. Pauley*, 337 F.3d 767, 770 (7th Cir. 2003). To defeat a motion for summary judgment, "'a party must present more than mere speculation or conjecture.'" *Borcky v. Maytag Corp.*, 248 F.3d 691, 697 (7th Cir. 2001).

**ANALYSIS**

A federal court deciding a diversity negligence case must apply the "choice-of-law rules of the forum state to determine which state's substantive law applies." *Auto-Owners Ins. Co. v. Websolv Computing, Inc.*, 580 F.3d 543, 547 (7th Cir. 2009). Under Illinois law, "'the law of the place of injury controls unless Illinois has a more significant relationship with the occurrence and with the parties.'" *Raube v. Am. Airlines, Inc.*, 539 F. Supp. 2d 1028, 1033 (N.D. Ill. 2008). As the incident happened in Indiana and Illinois does not appear to have a more significant relationship with the occurrence or the parties, this Court will apply Indiana substantive law.

To prevail on a negligence claim under Indiana law, the plaintiff must prove: (1) the defendant owed a duty to the plaintiff; (2) the defendant breached the duty "by allowing its conduct to fall below the applicable standard of care"; and (3) the defendant's breach of duty proximately caused the plaintiff's injury. *ONB Ins. Grp., Inc. v. Estate of Megel*, 107 N.E.3d 484, 489 (Ind. Ct. App. 2018). A defendant is entitled to judgment as a matter of law "'when the undisputed material facts negate at least one element of the plaintiff's claim.'" *Brown v. Buchmeier*, 994 N.E.2d 291, 294 (Ind. Ct. App. 2013). Importantly, "'negligence cannot be inferred from the mere fact of an accident, absent special circumstances.'" *Id.* While the question of breach is usually one for the trier of fact, "'if any reasonable jury would conclude that a specific standard of care was or was not breached, the question of breach becomes a question of law for the court.'" *Id.*

To the extent Plaintiff's negligence claim is rooted in premises liability,[5] the Court notes that a landowner is obligated to exercise "reasonable care for the invitee's protection while he or she is on the premises."[6] *Harradon v. Schlamadinger*, 913 N.E.2d 297, 301 (Ind. Ct. App. 2009).

---

[5] Plaintiff's complaint contains the following counts: Count 1 (Negligence of Defendants); Count 2 (Medical Bills); Count 3 (Loss Income); Count 4 (Pain & Suffering); and Count 5 (Punitive Damages). (Dkt. 1 at Ex. 1.)
[6] Ameristar concedes that Plaintiff was an invitee on Ameristar's premises at all relevant times. (Dkt. 60 at p. 4.)

6

A landowner will only be held liable for physical harm an invitee sustains from a condition on the landowner's premises if the landowner: "(a) [k]nows or by the exercise of reasonable care would discover the condition, and should realize that it involves an unreasonable risk of harm to such invitees, and (b) [s]hould expect that they will not discover or realize the danger, or will fail to protect themselves against it, and (c) [f]ails to exercise reasonable care to protect them against the danger." *Hoosier Mountain Bike Ass'n, Inc. v. Kaler*, 73 N.E.3d 712, 717 (Ind. Ct. App. 2017).

Here, the undisputed facts doom a critical element of Plaintiff's negligence claim – that Defendants' breached their duty of care. First, video footage from before, during, and after the incident provide no support for Plaintiff's claim that the elevator malfunctioned, and Plaintiff failed to cite evidence to the contrary. Next, Defendant Otis' routine inspections for the six months leading up to the incident and after the incident lend no support to Plaintiff's argument that the elevator was in a defective condition. To the contrary, the maintenance reports buttress Defendants' position that the elevator was operating in a normal condition and in full compliance with all applicable codes and industry standards. (Otis SOF at ¶¶ 21–24, 43, 46, 52, 60, 66.) By his own admission, Plaintiff had no reason to disagree with the results of the inspection following the incident. (Dkt. 61, Ex. 3 at p. 143:16–22.) Plaintiff further testified that he had no evidence to support his conclusory allegations that the elevator was malfunctioning or in a dangerous condition, and, indeed, testified that the sensors did not malfunction. (*Id.* at p. 139:17–19.) Plaintiff has generally failed to point to any evidence for a reasonable trier of fact to conclude that the elevator was in a dangerous condition creating an unreasonable risk of harm.

Even if the elevator posed an unreasonable risk, which Defendants have shown it did not, Plaintiff has offered no evidence that Defendants knew or reasonably should have known about the alleged defective condition. To the contrary, Plaintiff admitted during his deposition that he

7

was unaware of Defendants having notice of any issues with the elevator prior to the incident. (Dkt. 61, Ex. 3 at p. 102:18–24; 106:8–11.) He also testified that he had no knowledge of anyone experiencing a similar incident with the elevator door. (*Id.* at p. 107:5–9; Otis SOF at ¶¶ 30–31.) Without prior knowledge of an elevator issue, Defendants could not have breached their duty to take reasonable steps to correct the problem. The undisputed facts therefore support the following inferences: (1) the elevator was not defective and (2) Defendants had no knowledge of an alleged defect.

Accordingly, Defendants have shown that there is no genuine issue of material fact and that they are entitled to judgment as a matter of law.

## Conclusion

For the reasons set forth above, the Court: (1) grants Defendant Ameristar's motion for summary judgment [59]; (2) grants Defendant Otis' motion for summary judgment [64]; (3) denies Ameristar's motion to strike [76]; and terminates this case.

**SO ORDERED.**                                     **ENTERED:** October 24, 2018

**M. David Weisman**
**United States Magistrate Judge**